IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

TIMOTHY J. HAMPTON,

                  Plaintiff,                         OPINION AND ORDER

     v.

                                                        25-cv-129-wmc

CITY OF MADISON POLICE DEPARTMENT,
ANTHONY CIUFO, S. CLENNON, G. SOSOKA,
SCHMIDT'S TOWING COMPANY and JOHN DOE #1,

                  Defendants.

_____

Plaintiff Timothy Hampton, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, against the City of Madison Police Department, three Madison police officers, Schmidt's Towing Company and John Doe #1, an employee of the towing company. (Dkt. #1.) Because plaintiff was incarcerated at Dane County Jail when he filed this lawsuit, and is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because plaintiff has failed to state a viable federal claim, the court will dismiss the complaint but will give plaintiff an opportunity to file an amended complaint that clarifies his claims.

ALLEGATIONS OF FACT[1]

Plaintiff Timothy Hampton alleges that on the night of October 5, 2024, he was driving his vehicle when defendant Anthony Ciufo from the Madison Police Department began following him for no reason.  Officer Ciufo followed Hampton for several blocks and, after Hampton parked and exited his vehicle, Ciufo told Hampton that he should plan to take an Uber home.  Officer Clennon and John Doe from Schmidt's Towing Company then arrived, forcing their way into Hampton's vehicle and searching it.  Hampton's vehicle was damaged and had to be towed.

OPINION

Plaintiff has filed this suit for monetary damages under 42 U.S.C. § 1983, alleging that the defendants violated his rights.  To state a claim for relief under § 1983, a plaintiff must allege that:  (1) a "person" deprived him of a right secured by the Constitution or the laws of the United States; and (2) whoever deprived him of this right was acting under the color of state law.  *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, the Madison Police Department is not an entity that may be sued under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).  Nor is

---

[1] Unless otherwise indicated, the facts in this section are taken from the plaintiff's complaint.  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Schmidt's Towing Company or John Doe #1, as plaintiff's allegations do not suggest that those defendants were government officials or acting under the color of state law.

The three police officers would be appropriate defendants for a claim under § 1983, but plaintiff's allegations are not sufficient to state any federal claim against them.  He includes no allegations about Officer Sosoka, so it is not clear why Sosoka is named as a defendant.  *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim.").

As for Officers Ciufo and Clennon, plaintiff alleges that they searched his car after Ciufo followed him for no reason, damaging the car as a result.  It is not clear whether plaintiff is challenging the search itself as a violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  If so, he must provide more information about the search itself, such as whether: he was on supervision at the time or was arrested during the incident, *see Samson v. California*, 547 U.S. 843, 850 (2006) (warrantless search of probationer's apartment reasonable under the Fourth Amendment), or if the officers presented a warrant for the search.  Without such information, the court cannot infer that

3

the search violated plaintiff's Fourth Amendment rights.

Finally, plaintiff may be seeking relief for the damage to his vehicle resulting from the search, as "[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." *United States v. Ramirez*, 523 U.S. 65, 71 (1998); *see also Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) ("[T]he Fourth and Fourteenth Amendments provide a remedy when a citizen's property is unreasonably damaged during a search.").   But plaintiff has not provided sufficient information to suggest that defendants' actions were excessive, unnecessary or unreasonable.   Specifically, plaintiff does not allege whether defendants asked plaintiff to open the car pursuant to a valid search warrant or other lawful basis before forcing the car open.  If defendants had a lawful basis for the search and plaintiff refused to comply with requests to open the car, defendants' forcibly opening the car was likely reasonable.  Thus, plaintiff must provide more information about this potential claim.

Because plaintiff's complaint fails to state any viable federal claim against any defendant, the court will dismiss it.  However, the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), so the court will give plaintiff an opportunity to file an amended complaint that addresses the problems identified above.  If he files an amended complaint by the deadline below, the court will

again screen it under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Hampton's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff has until **June 22, 2026**, to file an amended complaint that addresses the problems above.  Plaintiff's failure to respond by that deadline will cause the court to dismiss his claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Entered this 26th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5